**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50586 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00371-BRO |
| v. | |
| KENNETH GREEN, a.k.a. Gin, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Beverly Reid O'Connell, District Judge, Presiding

Submitted January 18, 2017[**]

Before:    TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Kenneth Green appeals from the district court's judgment and challenges the 188-month sentence imposed following his guilty-plea conviction for distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Green contends that the district court violated Federal Rule of Criminal Procedure 32 by failing to resolve his factual objection to a statement in the presentence report regarding the contents of an arrest report. We review de novo the district court's compliance with Rule 32. *See United States v. Stoterau*, 524 F.3d 988, 1011 (9th Cir. 2008). Contrary to Green's contention, the district court resolved the objection by finding that the challenged statement was an accurate account of the contents of the arrest report. To the extent that Green objects to the accuracy of the officers' belief about his gang membership, that objection falls outside the scope of Rule 32. *See id*. at 1012.

Green next contends that the district court erred by failing to appreciate its discretion under *Kimbrough v. United States*, 552 U.S. 85 (2007), to vary from the career offender guideline. The record shows that the parties agreed that the court could reject the career offender guideline on policy grounds, and that the court evaluated whether a downward variance was warranted before imposing a within-Guidelines sentence. On this record, we conclude that the court was aware of, but declined to exercise, its *Kimbrough* discretion. *See United States v. Ayala-Nicanor*, 659 F.3d 744, 752 (9th Cir. 2011).

Green also argues that the district court procedurally erred by (i) failing to address his mitigating arguments sufficiently, (ii) failing to explain the sentence

adequately, (iii) treating the Guidelines range as presumptively reasonable, and (iv) basing the sentence on clearly erroneous facts. The court did not plainly err. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010). The court listened to and addressed Green's mitigating arguments, and explained that a within-Guidelines sentence was warranted under 18 U.S.C. § 3553(a) in view of Green's recidivism, which was undisputed. Even if the court erred, Green has not shown that any error affected his substantial rights. *See United States v. Dallman*, 533 F.3d 755, 761-62 (9th Cir. 2008).

Green finally contends that his sentence is substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances, including Green's significant criminal history. *See Gall*, 552 U.S. at 51; *United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court.").

**AFFIRMED.**